On June 27,1975 the court issued the following order:
Before Kashiwa, Judge, Presiding, Laramore, Senior Judge, and BeNNett, Judge.
“This case is before this court on plaintiff’s ‘Motion for Summary Judgment on Count One of Petition,’ filed February 14,1974, and defendant’s cross motion for summary judg *996 ment on Count One, filed May 17, 1974. Material facts for both motions are admitted and not in dispute.
“Plaintiff’s Count One allegations seek to establish a claim based upon a termination settlement negotiated between plaintiff and the termination contracting officer (hereinafter “TCO”) in the amount of $563,331, which was unanimously disapproved by the Headquarters Air Force Logistics Command Settlement Eeview Board. Plaintiff’s motion for summary judgment is limited to the issue of the efficacy of the settlement agreement negotiated by the TCO and plaintiff’s representatives.
“Plaintiff seeks review, under Wunderlich Act[1] standards, of the Armed Services Board of Contract Appeals (hereinafter ‘ASBCA’ or ‘Board’) determination that the TCO did not have authority to enter into a binding settlement agreement in excess of $50,000 without approval of the Settlement Review Board.
“It is the Government’s position under its cross-motion for summary judgment on Count One that the determination by the Board was correct that the TCO did not have the requisite authority to enter into a binding settlement and that the Government is not estopped to disavow the illegal, ultra vires acts of its agents.
“Defendant’s cross-motion for summary judgment on Count One is granted and plaintiff’s motion for summary judgment on Count One is denied for the reasons hereinafter stated. Since the settlement negotiated by the TCO exceeded $50,000, ASPR § 8.211-2 clearly applies; and such Government officer was required by its terms to submit such settlement for appi’oval by a Settlement Review Board, ASPR § 8.211-2 (a) (1), prior to executing any settlement agreement. Federal departmental regulations have the force and effect of law and are ‘binding on all who [seek] to come’ to contract with the Government. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 385 (1947). Winston Bros. Co. v. United States, 198 Ct. Cl. 37, 44, 458 F. 2d 49, 52-53 (1972). When the regulations are.published and made known to the *997 public in the Federal Register, they are binding for purposes of notice of an agent’s authority and any restrictions of that authority. Federal Crop Insurance Co. v. Merrill, supra at 384-85, and cases therein cited; Schoenbrod v. United States, 187 Ct. Cl. 627, 634, 410 F. 2d 400, 403-404 (1969); Prestex Inc. v. United States, 162 Ct. Cl. 620, 625, 320 F. 2d 367, 371 (1963). An agent must act within the scope of his actual authority in order for his acts to bind the Government. Federal Crop Insurance Corp. v. Merrill, supra; Nuss v. United States, 127 Ct. Cl. 197, 206-207, 117 F. Supp. 413, 418-19 (1954). The Government is not estopped from denying the contested agreement’s validity and binding effect. See Putnam Mills Corp. v. United States, 202 Ct. Cl. 1, 479 F. 2d 1334 (1973); Emeco Industries, Inc. v. United States, 202 Ct. Cl. 1006, 485 F. 2d 652 (1973); Utah Power & Light Co. v. United States, 243 U.S. 389 (1917).
“In L. B. Samford, Inc. v. United States, 187 Ct. Cl. 714, 725, 410 F. 2d 782, 788 (1969), this court stated:
* * * estoppel cannot be applied against the defendant on account of unauthorized statements or acts of an officer or employee who is without authority in his individual capacity to bind the defendant. * * *
“Furthermore, the ASBCA found that the TCO did not have the authority to enter into the agreement with plaintiff because it violated the regulation which was incorporated into the contract by reference. We determine that the Board’s finding is supported by substantial evidence. This being a Wunderlich Act case, such findings are not to be disturbed. Sea-Land Service, Inc. v. United States, 204 Ct. Cl. 57, 493 F. 2d 1357 (1974); Marley v. United States, 191 Ct. Cl. 205, 423 F. 2d 324 (1970); Dale Ingram, Inc. v. United States, 201 Ct. Cl. 56, 475 F. 2d 1177 (1973); Donald M. Drake Co. v. United States, 194 Ct. Cl. 549, 439 F. 2d 169 (1971).
“It is, therefore, ordered that' plaintiff’s motion for summary judgment on Count One of the petition be and is hereby denied and defendant’s cross motion for summary judgment on Count One be and is hereby allowed. Count One of plaintiff’s petition is hereby dismissed.”

 41 U.S.C. §§ 321, 322 (1970).